UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT LEACH, Jr.,<br>Plaintiff,<br>v.<br>HUMBOLDT COUNTY COURTHOUSE, et al.,<br>Defendants. | No. 2:26-cv-03426-DAD-SCR<br><br><u>ORDER</u> |

Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on September 30, 2026. ECF Nos. 1 & 2. This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Venue does not lie in this District. For the following reasons, the Court will transfer this action to the United States District Court for the Northern District of California.

The caption of the form complaint states "Northern District of California," but Plaintiff has crossed out "Northern" and written "Eastern". ECF No. 1 at 1. Plaintiff lists his address as Eureka, California. *Id.* Plaintiff names two defendants: 1) Humboldt County Courthouse; and 2) Coast Central Credit Union. *Id*. at 1-2. Each Defendant's address is located in Eureka, California. Plaintiff's factual allegations are unclear, but his factual statement references Eureka and Humboldt County. *Id.* at 4. Plaintiff also mentions a crime occurring in Santa Cruz. *Id*. at 5.

Plaintiff's complaint also complains of brank fraud at a credit union in Eureka and mail fraud occurring in Humboldt County. *Id.* at 4-6.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, both Defendants are all alleged to be located in Eureka, California, and Plaintiff also has Eureka address. Further, although the factual allegations are unclear, it appears that the events or omissions giving rise to the claim occurred in Eureka and Humboldt County. The complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). Venue does not properly lie in this district. As the Defendants have not appeared and have not waived a challenge to venue, the Court may raise the issue sua sponte. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Where an action is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district where it could have been brought. *Id.* citing 28 U.S.C. § 1406(a).

Transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought. *Gigena v. Rye*, 2023 WL 7286665 (E.D. Cal. Nov. 1, 2023); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'") (internal citation omitted). Dismissal is appropriate when the case was deliberately filed in the wrong court through forum shopping, *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983), or if it is clear the complaint could not be amended to state a cognizable claim, *see generally Lemon v. Kramer*, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

Here, Plaintiff used a Northern District of California form complaint, but filed it in the Eastern District. Given the lack of clarity in the Complaint's factual allegations, the Court is unable to conclude at this time that there are no circumstances under which plaintiff can state a cognizable claim. The Court will transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1406(a). In transferring this action, this court expresses no opinion regarding the merits of Plaintiff's complaint. Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Northern District of California. Further documents filed in the Eastern District of California related to this case will be disregarded.

In accordance with the above, **IT IS HEREBY ORDERED**:

1. This action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1406(a).
2. The Clerk shall close the case.

DATED: October 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE